UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO OLIVERA,<br><br>Defendant. | No. 1:96-cr-005255-DAD<br><br><br>ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)<br><br>(Doc. No. 99) |

On August 15, 2016, defendant Francisco Olivera filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence based upon Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.). That amendment revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many federal drug trafficking offenses. (Doc. No. 99.) The government has opposed the motion on the grounds that defendant is ineligible for the reduction because: (1) his sentencing range has not changed; and (2) he has already served his sentence in this case. (Doc. No. 104 at 1.)[1] The court agrees with the

---

[1] On August 17, 2016, the court granted the Federal Defender's Office (FDO) ninety days to supplement defendant's *pro se* motion or notify the court that it would not be filing a supplement. (Doc. No. 100.) On August 25, 2016, the FDO filed notice with the court that no supplement to the motion would be filed on defendant's behalf. (Doc. No. 101.) However, on November 8, 2016, the FDO filed supplemental attachments to aid in the court's consideration of defendant's motion for reduction of sentence. (Doc. No. 106.) These supplemental attachments consisted of certificates and reports of various programs defendant has completed while in custody. (*Id.*)

1

government's arguments and will therefore deny defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c).

Section 3582(c)(2) authorizes district courts to modify a previously imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782 to the U.S.S.G., which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also made Amendment 782 retroactively applicable to previously sentenced defendants. Nonetheless, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In this case, the final presentence report ("PSR") recommended that the sentencing court find defendant's base offense level to be level 38 based on the amount of controlled substances involved (72.5 kilograms of actual methamphetamine), and to reduce that offense level by three levels due to the defendant's acceptance of responsibility, resulting in a total adjusted offense level of 35. (PSR at 6–7.) Based upon the May 1997 Guidelines Manual then in effect, with an applicable criminal history category of I, the advisory sentencing guidelines called for a sentence of imprisonment in defendant's case of between 168 to 210 months. (*Id*. at 10.) In this case, however, under 21 U.S.C. § 843(d)(1), the statutory maximum for defendant's offense of conviction was 48 months. (*Id*.) Pursuant to U.S.S.G. § 5G1.1(a), the statutory maximum sentence became the guideline sentence and thus the advisory sentencing guidelines called for a sentence of 48 months imprisonment. (*Id*.) Therefore, the PSR recommended imposition of a sentence of 48 months. (*Id*.) On March 16, 1998, the court sentenced defendant to a 48-month term of imprisonment for use of a communication facility in the commission of drug trafficking offense in violation of 21 U.S.C. § 843(b). (Doc. No. 82; PSR at 4)

Under the amended Drug Quantity Table of § 2D1.1, the base offense level for an offense involving more than 4.5 kilograms of actual methamphetamine remains 38. After applying the same three-level reduction for acceptance of responsibility, the total offense level remains 35. At the applicable criminal history category of I, defendant's guideline sentencing range remains 168 to 210 months in prison. Most importantly, the statutory maximum for defendant's offense of conviction remains 48 months. *See* 21 U.S.C. § 843(d)(1). By operation of U.S.S.G. § 5G1.1(a), the guideline range cannot be more than the statutory maximum term of imprisonment, resulting in a final applicable guideline range of 48 months. Defendant's guideline range simply has not changed as a result of Amendment 782. Because the pertinent amendment does not result in a different guideline sentencing range, the defendant is not entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) ("[A] reduction in the defendant's term of imprisonment . . . is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range [.]").

For the reasons set forth above:

1.) Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 (Doc. No. 99) is denied; and

2.) The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **November 11, 2016**

UNITED STATES DISTRICT JUDGE